IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR 2 7 2006
LAL

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

|  |  |  |
|---|---|---|
| KENNETH MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | No. 03C3115 |
| HOMECOMING FINANCING NETWORK, | ) | |
| LITTON LOAN SERVICING, SAFEGUARD | ) | JUDGE RONALD A. GUZMAN |
| PROPERTIES, INC., KROPIC, PAPUGA & | ) | |
| SHAW, APPLEBRROOK REALTOR, and | ) | |
| PIERCE AND ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DEEM FACTS ADMITTED

NOW COMES the Plaintiff, KENNETH MATTHEWS, by and through his

attorney, LINDA SPAK, and for his Motion to Deem Facts Admitted pursuant to

Rule 36 of the Federal Rules of Civil Procedure, states as follows:

1. That on December 2, 2005, Plaintiff served Request for Admission pursuant

to Rule 36 of the Federal Rules of Civil Procedure, a copy of which is attached hereto

as Exhibit A, to the Defendants.

2.. That Rule 36 of the Federal Rules of Civil Procedure requires that the response

to the Request for Admission be served on the attorney for Plaintiff within thirty days.

3. That Rule 36 of the Federal Rules of Civil Procedure provides that when

a respondent fails completely to Request for Admission within the time

prescribed by the rule, it is deemed to have admitted the Request. See. U.S. v.

Kasuboski, 834 F.2d 1345, 1349-50, (7th Cir. 1987). (Failure to respond to

request to admit within 30 days results in their admission and this is, especially, so, where responding party does not even file a motion to toll the 30 day response period..) Rule 36 requires the responding party to take from affirmative action within the 30-day period or else the request shall be deemed admitted. <u>Mangan v. Broderick</u> 351 F 2d 24, 28, (7th Cir. 1965).

4. That the Defendants, HOMECOMING FINANCING NETWORK, LITTON LOAN SERVICING, and PIERCE AND ASSOCIATES, P.C., have failed to respond to the Requests for Admission.

5. That although the Rule providing for deemed admission is self-executing, and the requesting party need not invoke the powers of the Court to take advantage of it, Plaintiff brings this Motion to clarify by Court Order which allegations are deemed admitted in this cause.

WHEREFORE, Plaintiff, KENNETH MATTHEWS, prays this Honorable Court enter an Order deeming the Request to Admit as filed on December 2, 2005, admitted as to HOMECOMING FINANCIAL NETWORK, LITTON LOAN SERVICING, and PIERCE AND ASSOCIATES, P.C.

Plaintiff by his Attorney

LINDA SPAK
134 N. LaSalle, #300
Chicago, IL 60602
(312)371-8703

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH MATTHEWS ,                              )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )       Case No. 03 C 3115
                                                )
                                                )       Honorable Judge: Ronald A. Guzman
                                                )
HOMECOMING FINANCIAL                            )
NETWORK, LITTON LOAN                            )
SERVICING L.P., SAFEGUARD                       )
PROPERTIES INC., APPLEBROOK                     )
REALTOR, KROPIK PAPUGA &                        )
SHAW, AND PIERCE & ASSOCIATES                   )
                                                )
                Defendants.                     )

## REQUESTS FOR ADMISSION

**TO:**   See Attached Service List

Plaintiff, Kenneth Matthews, by and through his attorneys, The Bilal Law Firm, pursuant

to Rule 36 of the Federal Rules of Civil Procedure requests that you, Defendants Homecoming

Financial Network, Litton Loan Servicing L.P., Safeguard Properties Inc., Applebrook Realtor,

Kropik Papuga & Shaw, and Pierce and Associates, admit the following requests, in writing and

under oath, as required by Rule 36 (a) and (b) of the Federal Rules of Civil Procedure, a copy of

your written response to these requests to produce must be served on, Karris A. Bilal, The Bilal

Law Firm, attorney for Plaintiff, at the address listed in this document, within 30 days of service.

Exhibit "A"

## Definitions and Instructions

The following definitions and instructions, except when specifically stated to the contrary, will apply to these requests for admissions:

1.      "Document" or "written record" shall mean, without limitation, any written, recorded, reproduced, or graphic matter, whether printed, recorded, or reproduced by mechanical process or by hand, including, but not limited to, contracts, agreements, statements, work records, payroll records, timecards, time sheets, computer printouts, interoffice memoranda, intra-office memoranda, summaries or records of personal conversations or interviews, summaries or records of personal statements, summaries or records of meetings or conferences, summaries or reports of investigations, police reports, insurance claim forms, damage reports, FAX transmittal forms, correspondence, letters, telegrams, telexes, notebooks, schedules, films photographs, reports, summaries, any marginal comments or notation appearing on any documents or record, and all other written matter.

2.      In answering these requests, please furnish all such information as is available to you and/or your agents, attorneys, employees, representatives or others acting on your behalf, unless such information is claimed to be privileged from discovery, in which case specifically state such privilege.

3.      For the purposes of responding to these Requests for Admissions, the words "you," "your," and/or "yours" shall mean Defendants, Homecoming Financial Network, Litton Loan Servicing L.P., Safeguard Properties Inc., Applebrook Realtor, Kropik Papuga & Shaw, and Pierce and Associates, their agents, representatives, attorneys, and other individuals and companies acting on their behalf, including any agent(s), employee(s), or any other person(s) or entity (ies) acting on your behalf.

2

4.　　　"Defendant" means Homecoming Financial Network, Litton Loan Servicing L.P., Safeguard Properties Inc., Applebrook Realtor, Kropik Papuga & Shaw, and Pierce and Associates, their agents, representatives, employees, attorneys, and other individuals and companies acting on their behalf.

5.　　　"Plaintiff," unless otherwise stated, means Kenneth Matthews.

6.　　　"Premises" means 1458 W. 74th Street, Chicago, Illinois, 60636.

7.　　　"Including" means including but not limited to.

8.　　　"Affiliates" means any group, corporation, association, or individual either united, in close connection, allied, associated, or attached as a member branch.

9.　　　All other terms herein that are not specifically defined shall have the definition provided for in the Deluxe Black's Law Dictionary, Sixth Edition, Centennial Edition (1891-1991).

10.　　　"And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope; and, as used herein, the singular shall include the plural and the plural shall include the singular, except as the context may otherwise require.

11.　　A.　　In answering these requests, you are required to furnish all information which is available to you, including information in the possession of your agents, representatives or any organization acting on your behalf.

　　　　B.　　If you cannot admit any of the requests in full, after exercising due diligence to secure the information to do so, admit to the extent possible and specify the reason for your inability to admit completely.

3

C.       Each request calls not only for your knowledge, but also for all knowledge that is available to you through reasonable inquiry, including inquiry of your representative(s) or agent(s).

## ADMISSIONS REQUESTED

1.      Admit the genuineness of all of the documents provided in Plaintiff's Rule 26 (a)(1) disclosures, dated March 22, 2005 and served upon you on March 23, 2005, Bates Stamp Numbers PX00001 through PX00124 AND the documents attached to this Request for Admissions as Exhibit A.

### Your Response:

2.      Admit that you regularly conduct business in Illinois.

### Your Response:

3.      Admit that the Premises is a single family residence.

### Your Response:

4.      Admit that Plaintiff had a right to possession of the Premises until September 30, 2002.

### Your Response:

5.      Admit that you entered the Premises, changed the locks and placed boards on the Premises prior to September 30, 2002.

### Your Response:

6.      Admit that you entered the Premises, changed the locks and placed boards on the Premises prior to August 2002.

### Your Response:

7.      Admit that you entered the Premises, changed the locks and placed boards on the Premises prior to July 2002.

8.    Admit that you entered the Premises, changed the locks and placed boards on the

Premises prior to June 2002.

Your Response:

9.    Admit that you entered the Premises, changed the locks and placed boards on the

Premises prior to May 2002

Your Response:

10.    Admit that you entered the Premises, changed the locks and placed boards on the

Premises prior to April 2002

Your Response:

11.    Admit that you entered the Premises, changed the locks and placed boards on the

Premises prior to March 2002

Your Response:

12.    Admit that you entered the Premises, changed the locks and placed boards on the

Premises prior to February 2002.

Your Response:

13.    Admit that you never filed a motion with any Court to deem the Premises abandoned.

Your Response:

14.    Admit that you were cautioned or warned by the Honorable Judge Robert V. Boharic that

something was wrong with what was being done to Plaintiff and to correct the problem.

Your Response:

15.    Admit that you removed personal property from the Premises in February 2002.

Your Response:

5

16.   Admit that you removed personal property from the Premises in March 2002.

<u>Your Response</u>:

17.   Admit that you removed personal property from the Premises in April 2002.

<u>Your Response</u>:

18.   Admit that you removed personal property from the Premises in May 2002.

<u>Your Response</u>:

19.   Admit that you removed personal property from the Premises in June 2002.

<u>Your Response</u>:

20.   Admit that you removed personal property from the Premises in July 2002.

<u>Your Response</u>:

21.   Admit that you removed personal property from the Premises in August 2002.

<u>Your Response</u>:

22.   Admit that you removed personal property from the Premises in September 2002.

<u>Your Response</u>:

23.   Admit that Plaintiff never consented to you entering the Premises, changing the locks, removing personal property, or boarding the Premises.

<u>Your Response</u>:

24.   Admit that you never obtained a Court Order deeming the Premises abandoned.

<u>Your Response</u>:

25.   Admit that you were informed by the Court that changing the locks to the Premises and removing Plaintiff's personal property form within were illegal acts and that Plaintiff could file a separate action against you.

<u>Your Response</u>:

6

26.    Admit that you communicated with at least one individual to cause the Premises to be entered, locks changed, personal property removed, and board-up.

<u>Your Response:</u>

27.    Admit that you never apologized to Plaintiff for any mistake by you regarding entering the Premises, changing the locks, removing his personal property, or boarding the Premises.

<u>Your Response:</u>

28.    Admit that Plaintiff contacted you and attempted to obtain keys to the locks that you caused to be placed on the Premises.

<u>Your Response:</u>

29.    Admit that you never provided Plaintiff with a copy of the keys that you caused to be placed on the Premises.

<u>Your Response:</u>

30.    Admit that you have been accused by other individuals of entering the property of other individuals without Court authority and changing locks and removing personal property from within.

<u>Your Response:</u>

31.    Admit that entering the property of a mortgagor without Court authority, changing the locks, removing personal property, and boarding the property are extreme and outrageous actions to take against a mortgagor.

<u>Your Response:</u>

32.    Admit that when Plaintiff contacted you to obtain keys to the locks that you placed on the Premises you demeaned Plaintiff and hung-up the telephone on Plaintiff.

<u>Your Response:</u>

7

33.     Admit that you never filed a motion with the Court to revive any Order of Possession in

case number 98 CH 6325.

## Your Response

34.     Admit that when Plaintiff contacted you to obtain keys to the locks that you placed on the

Premises you demeaned Plaintiff and hung-up the telephone on Plaintiff.

## Your Response

35.     Admit that you never obtained an Order from the Court reviving any Order granting

possession in case number 98 CH 6325.

## Your Response

Dated: December 2, 2005

                                        By: _____
                                            Karris A. Bilal
                                            The Bilal Law Firm
                                            150 N. Michigan Avenue, Suite 2800
                                            Chicago, Illinois 60601
                                            (312) 624-7709
                                            Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, certifies that I served a true and correct copy of the above listed
**Request For Admissions**, by causing same to be served upon counsel of record for the above
captioned Defendants, December 2, 2005, before 4:00 p.m. and by causing the same to be
personally served upon the counsels of record in the attached Service List.

                                        _____
                                        Karris A. Bilal

8

## SERVICE LIST

TO:   Adrian Mendoza, Esq.
Kane, Laduzinsky & Mendoza, Ltd.
One North Franklin, Suite 2700
Chicago, IL 60606
(312) 726-2322
(312) 726-2425 FAX
**Attorney for Safeguard**

Ann Addis Pantoga, Esq.
Tenney & Bentley, LLC
111 West Washington Street, Ste 1900
Chicago, IL 60602
(312) 407-7800
(312) 807-4858 FAX
**Attorney for Applebrook**

Jill D. Rein, Esq.
Pierce & Associates, P.C.
1 N. Dearborn, Suite 1300
Chicago, IL 60602
(312) 346-9088
(312) 346-1910 FAX
**Attorney for Pierce, Litton AND Homecomings**

David M. Schultz
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL 60601-1081
(312) 704-3000
(312) 704-3001 FAX
**Attorney for Kropic, Papuga & Shaw**

9