IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH MATTHEWS, | ) |
| Plaintiff, | ) No. 03 C 3115 |
| v. | ) Judge Ronald A. Guzman |
| HOMECOMING FINANCIAL NETWORK, et. al., | ) Magistrate Judge Maria Valdez |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter concerns Plaintiff's Motion to Deem Facts Admitted [doc no. 130] and the related Motion of Defendants' to Withdraw Admission [doc no. 132], which this Court has considered as a responsive pleading to Plaintiff's motion. The case is brought under Section 1985, the Fair Debt Collection Practices Act, and related state claims concerning the events surrounding the default of a mortgage loan.

On December 2, 2005, pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff served on all Defendants a written request for the admission of the truth of thirty-five matters. (Pl.'s Mot. Deem Facts Admitted Ex. A.) Absent leave of court or an agreement between parties, Rule 36 has long deemed all matters raised in such a request admitted if not responded to within thirty days. Fed. R. Civ. P. 36(a); *see also Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 605 (7th Cir. 2002); *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) ("Rule 36(a) . . . clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted.").

Three of the named Defendants here failed to (1) respond in a timely manner, (2) request an extension, and/or (3) reach an agreement with their opponent. Thus, the thirty-five matters

went from disputed to admitted under Rule 36 after the thirty-day mark for defendants Homecoming Financing Network ("Homecoming"), Litton Loan Servicing ("Litton"), and Pierce & Associates, P.C. ("Pierce & Associates").

Discovery was originally set to end in this case on June 30, 2006 [doc. no. 107]. On April 27, 2006, out of an abundance of caution, Plaintiff filed a Motion to Deem Facts Admitted [doc. no. 130]. Shortly after this motion was filed, and more than five months from when the response time elapsed and the time that the self-executing provision of Rule 36 kicked in, Defendants filed a Motion to Withdraw Admission pursuant to Rule 36(b) on May 3, 2006 [doc. no. 132]. On May 9, 2006, the Plaintiff's motion was referred to this Court for resolution [doc. no. 137].

On June 14, 2006, this Court heard argument on the motions. At the hearing, the parties indicated a willingness to hold a settlement conference and this Court delayed ruling on these motions until settlement talks between all parties were completed. There was no stay of discovery entered pending resolution of settlement discussions and no party had requested an extension of the discovery schedule. On June 22, 2006, an initial settlement conference was held [doc. no. 149]. On July 11, 2006, a second settlement conference was held and settlement discussions reached a conclusion [doc. no. 160]. As all settlement talks appear to have run their course, this Court resumes consideration of Plaintiff's motion to deem certain facts admitted and Defendants' counter motion for withdrawal in light of the arguments made and the evolving discovery schedule.

In light of the self-executing nature of Rule 36, the Plaintiff's motion does not resolve the matter. *Lawson v. Diehl Machs., Inc.*, No. 3:98-CV-194RP, 1999 WL 325064, at *3 (N.D. Ind. 1999) ("Rule [36(a)] is self-executing, meaning that no court intervention is required for an admission to be established."). Rather, the Court must still address Defendants' Motion to

2

Withdraw Admissions which is filed in response to the Plaintiff's motion and seeks to get out from under the self-executing effect of their non-response to the requests to admit.

The thrust of Defendants' arguments in support of their motion for relief is as follows: (1) Rule 36(b) does allow for a "softening" of admissions; (2) the subject of the thirty-five matters have been disputed in other court documents; and (3) that given the nearly two months left in the discovery schedule there would be no prejudice to Plaintiff. Defendants also represented to this Court, at oral argument, that they did not plan on seeking an enlargement of discovery. The District Court, however, on July 12, 2006, re-opened discovery and extended fact cut off through August 30, 2006 [doc. no. 163].

This Court addresses each of Defendants' arguments in turn. First, as Defendants correctly note, Rule 36(b) invests a court with discretion to permit revision or withdrawal of admissions. *Banos v. City of Chi.*, 398 F.3d 889, 892 (7th Cir. 2005). And, the proper procedure for triggering a withdrawal of default admissions is begun by the filing of a motion for such relief. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (quoting *Kasuboski*, 834 F.2d at 1349). Defendants have filed such as motion.

Second, Defendants' reliance on their consistent challenging of the thirty-five matters contained in the admissions elsewhere is of little import. In the words of the Seventh Circuit, "parties are not allowed to pick and choose when to respond based on their own determination of whether they have previously answered the questions presented" in a Rule 36 request to admit. *Kasuboski*, 824 F.2d at 1349 ("The use of an alternative form of discovery does not eliminate the requirement that a request for admissions be answered within 30 days.").

Instead, this Court must assess whether certain factors are present to allow Defendants to withdrawal their admissions. A court may permit a party to withdraw default admissions if several requirements are met: (1) the presentation of the merits of the action will be subserved by recision or withdrawal; (2) the party who obtained the default admissions fails to satisfy the court

3

that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits; and (3) the court, in its discretion, permits the recision or withdrawal. Fed. R. Civ. P. 36(b); *see also Banos*, 398 F.3d at 892; *Kasuboski*, 834 F.2d at 1350 n.7.

The first prong of the applicable standard requires the party seeking to lift an admission to demonstrate that permitting them to do so "subserves the merits" as stated by Rule 36. *Banos*, 389 F.3d at 892. In their motion and at argument, Defendants fail to articulate how withdrawal would promote the merits of the case. There is no information before this Court on what the effect of the admissions will have on the claims or defenses. They make no argument except to recite, in a conclusory manner, that "the presentation of the merits of the actions involved will be subserved." (Defs.' Mot. Withdraw Admis. ¶ 2.) Generally, "[p]erfunctory or undeveloped arguments are waived." *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) (citing *Colburn v. Trs. of Ind. Univ.*, 973 F.2d 581, 593 (7th Cir. 1992); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417 (7th Cir. 1986)). To date, Defendants have not shown how the interests of justice would be subverted because they missed this one deadline (albeit by five months). The Court having determined that the Defendants have failed to meet their burden under the first prong will nonetheless address the issue of prejudice to the Plaintiff.

Courts have construed prejudice for purposes of Rule 36(b) as follows: "This does not simply mean that the party who obtained the admissions will now have to argue the merits of the case. Rather, the prejudice must be based on the party's detrimental reliance on such admissions." *Paymaster Corp. v. Cal. Checkwriter Co.*, No. 95 C 3646, 1996 WL 543322, at *2 (N.D. Ill. 1996) (citing *Hadley v. United States*, 45 F.3d 1345 (9th Cir. 1995)). Moreover, "[p]ossible prejudice to trial preparation is an important part of [a] court's Rule 36(b) inquiry." *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, No. 93 C 842, 1993 WL 519958, at *1-2 (N.D. Ill. 1993) (citing *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 953-54 (7th Cir. 1982)). Significant delay is also another consideration for courts under Rule 36(b). *See, e.g., Tidwell v. Daley*, No. 00 C 1646,

4

2001 WL 1414229, at *1 (N.D. Ill. 2001) (finding, in part, months of reliance on default admissions by a party who sought such admissions and who forewent discovery in reliance of the admissions as the type of prejudice contemplated under Rule 36(b)).

The party who obtained the admissions bears the burden of proving that withdrawal of the admissions will result in prejudice. *Hadley*, 45 F.3d at 1348; *Eolas Techs. Inc. v. Microsoft Corp.*, No. 99 C 0626, 2002 WL 31375531, at *34 (N.D. Ill. 2002); *Decor Grates, Inc. v. Fararo*, No. 92 C 6395, 1997 WL 399646, at *2 (N.D. Ill. 1997). In support of his burden, the Plaintiff at the June 14 hearing offered that as a result of his past reliance on the thirty-five admissions he forewent discovery in these areas and would be greatly prejudiced if the withdrawal was allowed. Defendants responded that as of the date of their motion to withdraw there was almost two months of discovery before the cut-off period and that such time should prove sufficient for Plaintiff.[1]

A court should not mechanically apply a deadline just for the sake of technical compliance with a rule. *Decor Grates, Inc.*, 1997 WL 399646, at *2 (citations omitted); *Skolnick v. Puritan Pride*, No. 92 C 1022, 1995 WL 215178, at *3 (N.D. Ill. 1995) (citations omitted). This is especially true in the context of Rule 36 when the result is that certain admissions will be assessed against a party. Here, however, one of the most troubling aspects of Defendants' motion to withdraw is that they do not offer any reason for their failure to respond to the requests to admit in either January (when the responses were due), May (when they filed their motion), or June (at argument). They fail to point to any justifiable delay such as mistake or inadvertence and remain silent as to the cause of their inaction.

---

[1] At the time Defendants' motion was originally filed, Plaintiff faced a limited discovery window (i.e., less than two months). Thereafter, discovery closed on June 30, 2006 and remained closed through July 12, 2006, which foreclosed discovery on any topic for both sides. Now that discovery is re-opened, Plaintiff faces another limited discovery window (i.e., less than two months yet again).

5

This is not a case where the Defendants are seeking relief of a few days, or even a few weeks, from their obligation to respond under Rule 36. *Chisholm v. Cancer Treatment Ctrs. of Am.*, No. 01 C 0947, 2002 WL 31085090, at *2 (N.D. Ill. 2002) (finding eight day delay in answering request to admit with five months remaining in discovery to not be the prejudice contemplated by Rule 36(b)); *U.S. v. Branella*, 972 F. Supp. 294, 301 (D.N.J. 1997) (finding two week delay in answering request to admit to not be the prejudice contemplated by Rule 36(b)). Rather, it took Defendants here more than five months to file a motion to withdraw and did so only after the Plaintiff filed his motion to deem the facts admitted.

Defendants' inaction has an impact on the Plaintiff's discovery strategy. Although there remains two months left in fact discovery (given the district court's recent extension of discovery), the Plaintiff relied upon the admissions for five months and if this Court allowed withdrawal, the Plaintiff would have to concentrate his efforts to conduct discovery on all thirty-five matters, in addition to any remaining matters outside the scope of the admissions.

Setting aside, for the moment, Defendant's lengthy inaction, the central sticking point for this Court remains Defendants' failure to meet their burden under Rule 36(b)'s withdrawal standard. Defendants cannot prevail on the first prong of the standard since they have neglected to demonstrate how the admissions subserve the merits of the case. As in the world of banking, deadlines matter in the judicial arena. Courts extend dates for late filings as a matter of course. And, there are usually very good reasons to allow a party to withdraw admissions and file a tardy response. Unfortunately, Defendants have not offered this Court any reason for their inaction or even addressed to this Court why the withdrawal of the admissions would serve the merits of the case. Rule 36 assesses a penalty for missing a due date – namely, a responding party's silence will be construed as an admission. *See Kasuboski*, 834 F.2d at 1350 (recognizing the potentially harsh result of this rule and its necessity).

## CONCLUSION

Plaintiff's Motion to Deem Facts Admitted [doc. no. 130] is hereby GRANTED and the thirty-five matters are deemed established pursuant to Rule 36(b). In addition, Defendants' Motion to Withdraw Admissions [doc. no. 132] is DENIED.

SO ORDERED.

Dated: JUL 2 0 2006

ENTERED:

HON. MARIA VALDEZ
United States Magistrate Judge