# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MATTHEWS, | ) | |
| Plaintiff, | ) ) ) | No. 03 C 3115 |
| v. | ) ) | Judge Ronald A. Guzman |
| HOMECOMING FINANCIAL NETWORK, et. al., | ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court on plaintiff Matthews' Motion to Quash and/or Adjudicate Attorney's Lien [doc. no. 167]. Mr. Matthews has entered into a settlement agreement with some of the defendants in this action. [doc. nos. 149, 153, 155, 164]. The case is still pending before the district court, since the claims against the other defendants remain unresolved.

In response to the plaintiff's motion, this Court held a hearing on the motion on July 25, 2006. Mr. Karris A. Bilal did not appear for the hearing. The Court inquired of plaintiff's counsel whether service of the notice of motion had been properly made to Mr. Bilal. Plaintiff's counsel responded by referencing the Certificate of Service attached to the motion which clearly indicates personal service upon Mr. Bilal at a 150 North Michigan Avenue, Suite 2800, Chicago address.[1] In addition, plaintiff's counsel submitted to this Court additional documents describing

---

[1] The Court verified this address through review of the website maintained by the Attorney Registration and Disciplinary Commission ("ARDC") of the Supreme Court of Illinois. Moreover, Rule 756(c) of the Supreme Court of Illinois' Rules on Admission and Discipline of Attorneys places an affirmative duty on all attorneys licensed in the state of Illinois whereby they must notify the Administrator of the ARDC of any change of address within 30 days of

the proof of personal service of the notice of motion, motion and date of presentment (which was July 25, 2006) made upon Mr. Bilal. [doc. no. 174]. Thus, it is apparent that Mr. Bilal was served with the notice of motion and was aware of the July 25, 2006 court date on the motion. Mr. Bilal did not appear on July 25th nor did he file any opposition to the motion. For this reason, and the reasons described below, the motion is GRANTED.

Mr. Bilal was plaintiff Matthews' prior counsel in this litigation. Mr. Bilal withdrew and terminated his representation of the plaintiff on February 21, 2006. [doc. nos. 114, 116]. Thereafter he also filed a duplicative motion to withdraw from the case, which was granted on March 23, 2006. [doc no. 122]. Not until April 7, 2006 did Mr. Bilal serve Notice of Attorney's Lien upon Mr. Matthews and upon the attorneys for the defendants. Mr. Bilal claims fees owed in the amount of $47,960 for work in this litigation.

This Court has subject matter jurisdiction over Mr. Bilal's claim of fees through his Notice of Lien. A federal court has supplemental jurisdiction over a non-diverse attorney's claim for fees if the attorney asserts a lien on a fund. *See Clarion Corp. v. Am. Home Prods. Corp.*, 464 F.2d 444, 445 (7th Cir. 1972) (per curiam). Further, since Mr. Bilal's lien is based on services provided in the underlying litigation, supplemental jurisdiction is proper. *See Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002) (citations omitted).

The requirements for an effective statutory lien are set forth in the Illinois Attorneys Lien Act. 770 Ill. Comp. Stat. 5/1 (2006). That act provides that "[a]ttorneys at law shall have a lien upon all claims . . . which may be placed in their hands for suit or collection . . . for the amount

---

such a change. Ill. Sup. Ct. R. 756(c) ("It is the responsibility of each attorney on the master roll to notify the Administrator of any change of address within 30 days of the change. Failure to receive the notice from the Administrator shall not constitute an excuse for failure to register.")

of any fee which may have been agreed upon by and between such attorneys and their clients. . . ." The Illinois Attorney Lien statute sets forth three requirements for an effective lien: 1) the attorney was hired by a client to assert a claim; 2) the attorney must perfect the lien by serving notice in writing; and 3) the notice must be served on the party against whom the client has the claim. *Rhoades v. Norfolk & W. Ry. Co.*, 399 N.E.2d 969, 973 (Ill. 1979) (citations omitted); *People v. Philip Morris, Inc.*, 759 N.E.2d 906, 911 (Ill. 2001).

Mr. Matthews asserts that the lien is defective in that 1) Mr. Bilal failed to serve notice of the lien during the time period that he represented Mr. Matthews; and 2) Mr. Bilal failed to serve notice on the defendants themselves. As to the first argument, in order to perfect a lien, the attorney must serve notice of the lien during the pendency of the attorney-client relationship. *Triskett Ill. v. Dixon (In re T.C. Assocs. Ltd. P'ship)*, 163 B.R. 140, 145 (Bankr. N.D. Ill. 1994) (citations omitted). Attorney Bilal did not do this. Instead, he served notice of the lien more than 15 days after the attorney-client relationship was terminated.

Second, a review of Mr. Bilal's Notice of Attorney's Lien service dated April 7, 2006, but filed with the court on July 19, 2006, clearly indicates that notice was not served on the defendants themselves, but service was made only upon the attorneys for the defendants. Service on a party's attorney is insufficient to perfect an attorney's lien. *In re Del Grosso*, 111 B.R. 178, 182 (Bankr. N.D. Ill.1990) (citing *Cazalet v. Cazalet*, 54 N.E.2d 61, 63 (Ill. App. Ct. 1944)).

The Court thus determines that attorney Bilal needed to serve all defendants (not their counsel) with the Notice of Lien in order to adequately perfect its statutory lien. This, in addition to the failure to serve the Notice of Lien during the pendency of the representation, dooms Mr. Bilal's lien.

CONCLUSION

Plaintiff's Motion to Quash and/or Adjudicate Attorney's Lien [doc no. 167] is GRANTED. Attorney Bilal has failed to establish compliance with the requirements of the Illinois Attorney's Lien Act, and no valid, enforceable attorney's lien exists against any settlement proceeds. Further, Notice of Liens received by counsel for defendants Homecoming Financial Network, Litton Loan Servicing, Safeguard Properties, Applebrook Realtor, Kropik, Papuga & Shaw, and Pierce & Associates are hereby declared void. The Clerk is ordered to serve a copy of this order on Karris A. Bilal at his last known registered business address: The Bilal Law Firm, 150 N. Michigan Ave., Suite 2800, Chicago, IL 60601.

As this order concludes all matters referred to this Court by the District Court, the referral will be closed.

SO ORDERED.

Dated: JUL 2 8 2006

ENTERED:

HON. MARIA VALDEZ
United States Magistrate Judge

4